IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

HENRY VEASMAN,                          )
                                        )
          Petitioner,                   )
                                        )
vs.                                     )          Case No. 04-CV-602-TCK-PJC
                                        )
MIKE MULLIN, Warden,                    )
                                        )
          Respondent.                   )

## OPINION AND ORDER

Before the Court is the petition for a writ of habeas corpus (Dkt. # 1) filed by Petitioner, a

state inmate appearing *pro se*.  Respondent filed a response (Dkt. # 8), and has provided the state

court records (Dkt. # 9) necessary for adjudication of Petitioner's claims.  Petitioner filed a reply

(Dkt. # 13) to Respondent's response, presenting argument supporting his Fourth Amendment claim.

On May 3, 2007, Petitioner filed a motion to expand the record with newly discovered evidence

(Dkt. # 16). For the reasons discussed below, the Court finds the petition should be denied.

Petitioner's motion to expand the record shall be denied.

## *BACKGROUND*

On January 13, 2001, at about 1:30 a.m., Officer Mitchell Franklin, a police officer for the

City of Sand Springs, Oklahoma, stopped a vehicle driven by Petitioner Henry Veasman because

the vehicle's tag was expired. Pamela Dover was a passenger in the vehicle. Petitioner stopped the

vehicle upon entering the driveway of the Days Inn Motel, located in Sand Springs, Oklahoma.  A

records check revealed that Ms. Dover had outstanding warrants.  As a result, she was handcuffed

and arrested. The records search revealed no outstanding warrants for Petitioner.  As he returned

Petitioner's driver's license, the Officer asked if Petitioner had any drugs or weapons on his person

or in the vehicle. Petitioner answered no, and gave the Officer consent to search the vehicle. Officers searched the vehicle and found a Tupperware container with a green leafy substance inside. Petitioner was then arrested for possession of marijuana. He was handcuffed, read his rights under <u>Miranda</u>, and placed in the patrol car. Police Officers for the City of Sand Springs searched Petitioner, Ms. Dover, the vehicle Petitioner was driving, room # 107 at the Days Inn Motel, and two (2) storage units rented by Petitioner and Ms. Dover, and found components of a clandestine methamphetamine lab, precursors required for manufacture of methamphetamine, methamphetamine in its final form, marijuana, and multiple firearms.

As a result of these events, Petitioner was arrested and charged with eight (8) counts, including Manufacturing a Controlled Dangerous Substance (Methamphetamine) (Count 1), Unlawful Possession of Marijuana with Intent to Distribute (Count 2), Possession of a Firearm While in Commission of a Felony (Count 3), and Unlawful Possession of Paraphernalia (Count 6), in Tulsa County District Court, Case No. CF-2001-374. Ms. Dover was charged as his co-defendant. Petitioner and Ms. Dover were tried jointly. On February 25, 2002, Petitioner was found by a jury to be guilty of Counts 1, 2, 3, and 6. On April 12, 2002, the trial court sentenced Petitioner in accordance with the jury's recommendation to forty (40) years imprisonment and a $50,000 fine on Count 1; ten (10) years imprisonment and a $10,000 fine on Count 2; ten (10) years imprisonment and a $10,000 fine on Count 3; and one (1) year in county jail and a $1,000 fine on Count 6. The sentences were ordered to be served consecutively. Petitioner was represented at trial by attorney Steven Vincent.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA").  On appeal, he was represented by attorney Kim Chandler Johnson.  In his

brief-in-chief, he raised seven (7) propositions of error as follows:

Proposition 1:  The trial court erred in overruling Mr. Veasman's motion to suppress.

Proposition 2:  The evidence was insufficient to prove Mr. Veasman possessed marijuana with intent to distribute.

Proposition 3:  The evidence was insufficient to support the charge of use of a weapon in commission of a felony.

Proposition 4:  Prosecutorial misconduct denied Mr. Veasman a fair trial.

Proposition 5:  The trial court erred in not granting Mr. Veasman's motion for severance.

Proposition 6:  Mr. Veasman's sentence is excessive and should be modified.

Proposition 7:  The cumulative effect of all these errors deprived Appellant of a fair trial.

(Dkt. # 9, Ex. D).  In an unpublished summary opinion, filed April 23, 2003, in Case No. F-2002-563, see Dkt. # 9, Ex. A, the OCCA rejected each proposition of error and affirmed the Judgment and Sentence of the trial court.

Appearing *pro se*, Petitioner sought post-conviction relief in the state district court.  He identified thirteen grounds of error.  See Dkt. # 9, Ex. B.  By Order filed October 23, 2003, the state district court denied the application for post-conviction relief.  Petitioner attempted to perfect a post-conviction appeal in the OCCA.  By Order filed February 12, 2004, in Case No. PC-2003-1337, the OCCA declined jurisdiction and dismissed the appeal as untimely, finding that Petitioner had failed to comply with Rule 5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals* (requiring that a petition in error and brief be filed within thirty (30) days of the date the final order is filed with the clerk of the trial court). See Dkt. # 9, Ex. C.

Petitioner filed the instant habeas corpus petition on August 5, 2004 (Dkt. # 1). In his petition, Petitioner raises seven (7) grounds of error, as follows:

Ground 1:     The trial court erred in overruling Mr. Veasman's motion to suppress, USCA Const. Amends' 4, 1st, 14th, 5th, & 6th.

Ground 2:     The evidence was insufficient to prove Mr. Veasman possessed marijuana with intent to distribute USCA Const. Amends' 4, 1st, 14th, 6th, & 5th.

Ground 3:     The evidence was insufficient to support the charge of use of a weapon in Commission of a Felony. USCA Const. Amends' 14, 1st, 5th, 6th, 4th, & 13th.

Ground 4:     Prosecutorial misconduct denied Mr. Veasman a fair trial. U.S.C.A. Const. Amends. XIV.

Ground 5:     The trial court erred in not granting Mr. Veasman's motion for severance. U.S.C.A. Const. Amends. XIV, VI, V.

Ground 6:     Mr. Veasman's sentence is excessive and should be modified. U.S.C.A. Const. Amends. VIII, XIV, V.

Ground 7:     The cumulative effect of all three (sic) errors deprived Petitioner/Appellant of a fair trial. U.S.C.A. Const. Amends. XIV.

(Dkt. # 1).  In response to the petition, Respondent argues that this Court is precluded from considering Petitioner's Fourth Amendment claims based on the holding of Stone v. Powell, 428 U.S. 465 (1976).  Respondent also asserts that the remaining claims are not cognizable on federal habeas corpus review or that Petitioner is not entitled to habeas relief under 28 U.S.C. § 2254(d). See Dkt. # 8.

## *ANALYSIS*

### A. Exhaustion/Evidentiary Hearing

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982). The Court finds that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing.  See Michael

4

Williams v. Taylor, 529 U.S. 420 (2000).

**B.  Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).  Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In this case, the OCCA adjudicated Petitioner's claims on direct appeal. Therefore, to the extent Petitioner's claims are cognizable in a federal habeas corpus proceeding, those claims shall be reviewed pursuant to § 2254(d).

*1.  Failure to suppress evidence obtained in violation of the Fourth Amendment*

As his first ground of error, Petitioner asserts that his conviction was obtained based on the introduction of evidence resulting from an unconstitutional search and seizure.  Petitioner contends, as he did on direct appeal, that the evidence should have been suppressed based on violations of the

Fourth Amendment.  See Dkt. # 1. On direct appeal, the OCCA rejected Petitioner's claim that the

trial court erred in failing to suppress evidence resulting from an unconstitutional search and seizure,

finding as follows:

> . . . Veasman apparently fails to understand that because he was indeed "free to
> leave" after Officer Franklin returned his license to him, by definition, he was no
> longer being "detained." Hence the questioning that followed, including Franklin's
> request for consent to search his car, was part of a consensual encounter, rather than
> a continuing detention. Furthermore, the portion of *McGaughey v. State* upon which
> Veasman relies is fundamentally about mistaken stops. Yet the stop of his car was
> not a mistake. His tag was expired (and not on the vehicle to which it was
> registered), and Officer Franklin's subsequent actions were within the scope of a
> reasonable traffic stop, followed by a limited consensual encounter.

See Dkt. # 4, Ex. D (footnotes omitted).

In Stone v. Powell, 428 U.S. 465, 494 (1976), the Supreme Court held that where the state

has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner

may not be granted federal habeas corpus relief on the ground that evidence obtained in an

unconstitutional search and seizure was introduced at trial.  The Tenth Circuit has reiterated that a

federal habeas corpus court need not address a Fourth Amendment question as long as the state court

has given the petitioner a full and fair opportunity for a hearing on the issue.  Miranda v. Cooper,

967 F.2d 392, 400-01 (10th Cir. 1992); Gamble v. State, 583 F.2d 1161, 1165 (10th Cir. 1978).

In the instant case, the record demonstrates that the state courts granted Petitioner a full and

fair opportunity to litigate his Fourth Amendment claim based on his allegation that the evidence

should have been suppressed because it was obtained following an unconstitutional search and

seizure. According to Petitioner, his attorney filed a motion to suppress evidence on March 19, 2001.

See Dkt. # 1. The record reflects that on March 19, 2001, the motion to suppress was denied at the

conclusion of Petitioner's preliminary hearing.  See Dkt. # 9, Ex. E, Prelim. Hr'g Trans. at 54. The

docket sheet for Case No. CF-2001-374, viewed at www.oscn.net, shows that on May 11, 2001, Petitioner filed another motion to suppress evidence. In addition a motion to quash was denied on November 14, 2001, at arraignment.  Petitioner also raised Fourth Amendment claim on direct appeal. (Dkt. # 9, Ex. D).  However, the OCCA rejected the claim. (Dkt. # 9, Ex. A).

After examination of the record, the Court concludes that Petitioner had a full and fair opportunity to litigate his Fourth Amendment claims based on the legality of his arrest in the state courts. As a result, this Court is precluded from considering that Fourth Amendment issues raised in Petitioner's petition for a writ of habeas corpus based on Stone, 428 U.S. at 494. See also Gamble, 583 F.2d at 1165 (opportunity for full and fair litigation in state court under Stone v. Powell includes opportunity to raise Fourth Amendment claim, full and fair evidentiary hearing, and recognition and application of correct Fourth Amendment standards). Therefore, the Court concludes that Petitioner's request for habeas relief premised on a violation of the Fourth Amendment shall be denied.

The Court also finds that Petitioner's "motion to expand record with newly discovered evidence" (Dkt. # 16) shall be denied.  In that motion, Petitioner requests that the record be expanded to include the transcript from the preliminary hearing held for his co-defendant, Pamela Dover.  Petitioner asserts that the transcript contains information supporting his claim that he was subjected to an unconstitutional search and seizure.  Because the Court has determined that consideration of Petitioner's Fourth Amendment claim is precluded by Stone v. Powell, expansion of the record is not warranted and, for that reason, Petitioner's motion shall be denied.

### 2. *Sufficiency of the evidence (grounds 2 and 3)*

As his second and third propositions of error, Petitioner challenges the sufficiency of the

evidence supporting his conviction on both Unlawful Possession of Marijuana with Intent to Distribute (Count 2), and Possession of a Firearm While in Commission of a Felony (Count 3).

The OCCA adjudicated these claims as part of Petitioner's direct appeal. As stated above, a writ of habeas corpus will not be issued on a claim adjudicated on the merits by a state court unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. at § 2254(d)(2). In addition, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n. 2 (10th Cir. 2001). Under either standard, Petitioner's claim in this case fails.

In examining Petitioner's sufficiency of the evidence claim, the appropriate inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).  In evaluating the evidence presented at trial, the Court does not weigh conflicting evidence or consider witness credibility. Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996).  Instead, the Court must view the evidence in the "light most favorable to the prosecution," Jackson, 443 U.S. at 319, and "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993).   Under the AEDPA, the Court must decide

8

whether the OCCA's decision that there was sufficient evidence to support a jury's finding of guilt was contrary to or an unreasonable application of <u>Jackson</u>. See 28 U.S.C. § 2254(d)(1); <u>Spears v. Mullin</u>, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

As his second ground of error, Petitioner alleges "the evidence was insufficient to prove Mr. Veasman possessed marijuana with intent to distribute."  (Dkt. # 1). On direct appeal, Petitioner argued that "[t]he scant evidence offered by the State tying Mr. Veasman to the marijuana proved nothing more than mere suspicion and was therefore insufficient to establish guilt." <u>See</u> Dkt. # 9, Ex. D.  The OCCA rejected this claim, finding that,

> Veasman's brief fails to abide by the basic principle of sufficiency analysis that the evidence must be considered in the light most favorable to the State, choosing instead to consistently argue the evidence from the perspective of what he had hoped the jury would believe. When the trial evidence is evaluated properly, however, it is more than sufficient to convict Veasman of possessing marijuana for the purpose of selling it.

(Dkt. # 9, Ex. A (footnotes omitted)).

Under Oklahoma law, no person may be convicted of possession with intent to distribute marijuana unless the State has proven beyond a reasonable doubt that the following elements: (1) knowing and intentional; (2) possession; ( 3) of marijuana; (4) with an intent to distribute marijuana. <u>See</u> Okla. Stat. tit. 63, § 2-402(A)(1) (Supp. 2000). In this case, police officers for the City of Sand Springs testified that at the time of his arrest, Petitioner had on his person over $4,000 in cash, a key to a room at the Days Inn Motel, a valve to a propane tank, and .32 caliber and 9 mm bullets.  <u>See</u> Dkt. # 9, Ex. F, Tr. Trans. Vol. II at 352, 401. A search of the vehicle driven by Petitioner produced a Tupperware container with marijuana in it, and a backpack containing individual packages of marijuana. <u>See id.</u> at 353, 355-56.  After obtaining a search warrant, police officers searched Room 107 of the Days Inn Motel where they found drug transaction records, a contract for a cordless phone

or pager in Petitioner's name, scales, a safe containing pills and a 9 mm pistol, and a large bag of marijuana. Id. at 373, 381, 388, 438. Petitioner's co-defendant testified that Petitioner usually carried a locked safe with him, and that Petitioner always carried guns. Id. Vol. III at 703-04.  After viewing the evidence in a light most favorable to the prosecution, the Court finds a reasonable jury could have found proof of Petitioner's guilt beyond a reasonable doubt of Possession of Marijuana With Intent to Distribute.   The cited evidence indicates Petitioner was in possession of marijuana  and paraphernalia used for distribution, and supports the OCCA's conclusion that the evidence was sufficient for a reasonable jury to find guilt beyond a reasonable doubt of Possession With Intent to Distribute Marijuana. Therefore, the OCCA's decision was not an unreasonable application of Jackson and Petitioner is not entitled to habeas corpus relief on his second ground of error.

As his third ground of error, Petitioner alleges that "the evidence was insufficient to support the charge of use of a weapon in commission of a felony." (Dkt. # 1). On direct appeal, Petitioner specifically alleged that the State failed to show beyond a reasonable doubt a nexus between the possession of the weapon and the underlying felonies.  See Dkt. # 9, Ex. D. The OCCA rejected this claim, finding that,

> in order to sustain a conviction under 21 O.S.Supp.2000, § 1287, the State must show some nexus between the crime(s) charged and the possession of a gun. Yet reviewing the evidence in the light most favorable to the State, there is more than sufficient evidence to sustain Veasman's conviction on this count as well.

(Dkt. # 9, Ex. C (footnotes omitted)). Again, this Court agrees with the OCCA's conclusion.

As noted by the OCCA, one of the elements that the State is required to prove is that the possession of the weapon was connected to the commission of the underlying felony. Oklahoma law provides that a jury is allowed to consider the following in determining whether the possession of the weapon was connected to the felony: 1) the weapon was used to actually facilitate the commission

of the felony; 2) the weapon was possessed or strategically located for use during the commission of the felony; 3) the weapon was intended to be used if a contingency arose or to make an escape; or 4) the weapon was to be used either offensively or defensively in a manner which would constitute a threat of harm. See Ott v. State, 967 P.2d 472 (Okla. Crim. App. 1998). Officer Franklin testified that during the search of the vehicle driven by Petitioner, he found a loaded .32 caliber Derringer pistol under the driver's seat.  See Dkt. # 9, Ex. F. Tr. Trans. Vol. II at 357.  In close proximity to the pistol in the car, the officers also found marijuana, and equipment needed to manufacture methamphetamine. Id. at 353.  In Room # 107, officers found a loaded 9 mm pistol stored in a safe near a large bag containing marijuana. Id. at 389.  As noted above, Petitioner had both .32 caliber and 9 mm bullets in his pants pockets at the time of his arrest. The cited evidence supports conclusion that Petitioner possessed the two pistols to protect his interests in his drug distribution business. Therefore, after viewing the evidence in a light most favorable to the prosecution, the Court finds a reasonable jury could have found proof of Petitioner's guilt beyond a reasonable doubt of Possession of a Firearm During the Commission of a Felony, and the OCCA's rejection of this claim was not an unreasonable application of Jackson. Petitioner is not entitled to habeas corpus relief on his challenges to the sufficiency of the evidence as asserted in ground 3.

### 3.  *Prosecutorial misconduct (ground 4)*

As his fourth proposition of error, Petitioner complains that prosecutorial misconduct deprived him of due process of law and resulted in an unfair trial.  See Dkt. # 1. On direct appeal, Petitioner specifically argued that the prosecutor improperly commented during his closing argument on Petitioner's failure to call specific defense witnesses, that he argued facts not in evidence to imply that Petitioner was a liar, and that he appealed to societal alarm.  See Dkt. # 9, Ex. D at 24-31. The

OCCA rejected Petitioner's claims of prosecutorial misconduct, finding that,

> Veasman did not object to the prosecutor's comments regarding the absence of Brother Jerry at trial, thereby waiving all but plain error; and the comments were not improper in the context of the trial. In addition, his claim regarding the prosecutor's remark about using his time in jail to create a story explaining his crimes has been waived by Veasman's failure to cite any specific place in the record where such an argument was made. Furthermore, the prosecutor's single remark about "sending a message" did not amount to appeal to societal alarm or a "send a message to society" argument, since it referred specifically to the defendants.  Furthermore, the curative instruction by the trial court thoroughly and appropriately addressed the matter. Veasman fails to establish that the prosecutor went beyond the evidence presented at trial or that he was unfairly prejudiced by any of the prosecutor's remarks.

See Dkt. # 9, Ex. A.

Habeas corpus relief is available for prosecutorial misconduct only when the prosecution's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair. Donnelly v. DeChristoforo, 416 U.S. 637, 642-648 (1974); Cummings v. Evans, 161 F.3d 610, 618 (10th Cir.1998).  Inquiry into the fundamental fairness of a trial requires examination of the entire proceedings.  Donnelly, 416 U.S. at 643.  "To view the prosecutor's [conduct] in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's [conduct] plausibly could have tipped the scales in favor of the prosecution." Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994) (quotations omitted); see also Smallwood v. Gibson, 191 F.3d 1257, 1275-76 (10th Cir. 1999).

After reviewing the entire trial transcript, this Court finds that the OCCA's rejection of this claim was not an unreasonable application of constitutional law. Upon review of the entire proceedings, this Court is convinced that Petitioner's trial was not fundamentally unfair. None of the comments, even if improper, were significant enough to influence the jury's decision. See Moore v. Reynolds, 153 F.3d 1086, 1113 (10th Cir. 1998). In light of the evidence of guilt, there is not a

reasonable probability that the outcome would have been different without the alleged misconduct. See Hoxsie v. Kerby, 108 F.3d 1239, 1244-45 (10th Cir. 1997).

Both Petitioner and his co-defendant Dover testified in their own defense. They both admitted they were drug users, but denied that they had any involvement in manufacturing methamphetamine. They claimed that all the equipment and chemicals found in the car and the motel room belonged to "Brother Jerry" Phelps, a neighbor of Petitioner's. As his first complaint of prosecutorial misconduct, Petitioner argued on direct appeal that the prosecutor improperly pointed to the fact that "Brother Jerry" Phelps did not testify as a witness for the defense. Upon careful review of the trial record, however, the Court finds that the prosecutor's remarks were simply comments on the evidence presented by the State pointing only to the guilt of Petitioner and his co-defendant. See Dkt. # 9, Ex. F, Tr. Trans. Vol. IV at 841, 843. The prosecutor also stated that the only evidence supporting the "Brother Jerry" version of events came from Petitioner and his co-defendant. Id. at 841. Furthermore, while a prosecutor may not comment on matters that could be explained only by the accused, a prosecutor is otherwise free to comment on a defendant's failure to call certain witnesses or present certain testimony. Battenfield v. Gibson, 236 F.3d 1215, 1216 (10th Cir. 2001). This Court finds that the prosecutor's remarks did not "so infect the trial with unfairness" as to result in a denial of due process. Donnelly, 416 U.S. at 643.

Next, Petitioner complained on direct appeal that the prosecutor implied he was a liar. See Dkt. # 9, Ex. D. This Court has carefully reviewed the trial transcript and finds that the prosecutor did not engage in explicit name-calling. At most, the prosecutor made comments on the evidence implying Petitioner's lack of credibility.  No comment by the prosecutor served to deprive Petitioner of a fair trial.

Petitioner also complained on direct appeal that during closing argument, the prosecutor appealed to societal alarm, when he stated, "the final question and where we are at is, you are representatives of Tulsa County and when you go back there -- what message do you want to send to these defendants?" See Dkt. # 9, Ex. D, Tr. Trans. Vol. IV at 861. The prosecutor's comment was met by an immediate objection by Petitioner's counsel. The trial court judge admonished the jury to disregard any emotional appeals to send a message. Id. at 862.  Although the OCCA did not cite federal law in its ruling on this issue, the Tenth Circuit has recognized that the OCCA's longstanding position that a trial court's admonition usually cures any error is not in conflict with the standard established by federal law. Patton v. Mullin, 425 F.3d 788, 800 (10th Cir. 2005). Federal law provides that there is a presumption "that a jury will follow an instruction to disregard inadmissible evidence unless there is an overwhelming probability that the jury will be unable to follow the court's instructions, and a strong likelihood that the effect of the evidence would be devastating to the defendant." See Greer v. Miller, 483 U.S. 756, 766 n. 8 (1987).  Based upon the facts of this case, the Court agrees that the alleged improper comment by the prosecutor during closing argument was cured by the immediate objection and admonishment given by the trial court to the jury.

In light of the evidence presented in this case, the Court finds no reasonable probability that the verdict would have been different without the prosecutor's comments and concludes that the proceedings against Petitioner were not rendered fundamentally unfair by prosecutorial misconduct. Pursuant to § 2254(d), habeas corpus relief on this claim shall be denied.

### 4. Failure to grant motion for severance (ground 5)

As his fifth ground of error, Petitioner claims that the trial court erred in not granting his motion for a severance.  On direct appeal, the OCCA held that,

> the defenses of Dover and Veasman were not antagonistic, but rather were almost wholly consistent. Both maintained that the guns belonged to Veasman, that Dover was the primary marijuana user, and that 'Brother Jerry,' rather than either of them, was the methamphetamine cook and dealer. Hence the trial court did not abuse its discretion in refusing to sever their trial.

See Dkt. # 9, Ex. A (footnotes omitted).

Generally, severance is a question of state law not cognizable in federal habeas proceedings. Fox v. Ward, 200 F.3d 1286, 1292 (10th Cir. 2000) (citing Cummings v. Evans, 161 F.3d 610, 619 (10th Cir.1998)). There is no constitutional right to severance without a strong showing of prejudice caused by the joint trial. See id. Severance is not constitutionally required merely because defense theories conflict or because one defendant is attempting to cast blame on another. Rather, a petitioner must show "real prejudice." Id. at 1293. "Such actual prejudice is shown if the defenses are truly mutually exclusive, such that the jury could not believe the core of one defense without discounting entirely the core of the other." Id. (quotation omitted). "'Mutually antagonistic defenses are not prejudicial per se.'" Id. (quoting Zafiro v. United States, 506 U.S. 534, 538 (1993)).

After carefully reviewing the record in this case, the Court finds that Petitioner has failed to demonstrate that he suffered prejudice as a result of being tried jointly with his co-defendant. The same defenses were asserted by both Veasman and his co-defendant and no antagonism between Veasman and his co-defendant can be discerned from the record. The trial court's failure grant a severance did not result in a fundamentally unfair trial. Therefore, Petitioner is not entitled to habeas relief on this ground of error.

### 5. Excessive sentence (ground 6)

As his sixth proposition of error, Petitioner complains that his sentence is excessive and should be modified. See Dkt. # 1. The OCCA rejected this claim on direct appeal, citing Sanders v.

15

State, 60 P.3d 1048 (Okla. Crim. App. 2002), and finding that,

> based upon the overwhelming evidence that Veasman was heavily involved in (if not directing) the production of methamphetamine, as well as the evidence regarding marijuana distribution and the numerous guns that Veasman was keeping readily at hand to protect these endeavors, his total sentence of 61 years and $71,000 does not shock the conscience of this Court.

See Dkt. # 9, Ex. A.

It is well established that it is not the role of a federal habeas corpus court to correct errors of state law. Estelle v. McGuire, 502 U.S. 62 (1991). Whether the interpretation and application by the Oklahoma courts of its sentencing statutes is correct or not is a matter of state law that is not actionable in a habeas proceeding. See Bond v. State of Oklahoma, 546 F.2d 1369 (10th Cir. 1976). To obtain federal habeas corpus relief based on an excessive sentence claim, Petitioner must demonstrate that his sentence "exceeds or is outside the statutory limits, or is wholly unauthorized by law." Haynes v. Butler, 825 F.2d 921, 923-24 (5th Cir. 1987). The Tenth Circuit has noted that, "Generally, . . . appellate review of a sentence ends once it is determined that the sentence is within the limitations set by statute." Vasquez v. Cooper, 862 F.2d 250, 255 (10th Cir. 1988).

In this case, Petitioner does not challenge the constitutionality of Oklahoma's sentencing statutes nor does he argue that the punishment exceeded the range prescribed by law. He has also failed to demonstrate that his punishment is "wholly unauthorized by law." Haynes, 825 F.2d at 924. Because Petitioner's sentences fall within established statutory limits and he has not demonstrated that they were unauthorized by law, Petitioner has failed to show a federal constitutional violation. Habeas relief shall be denied on this issue.

### 6. *Cumulative error (ground 7)*

In his seventh proposition of error, Petitioner seeks habeas corpus relief on the ground that

the cumulative effect of all errors deprived him of a fair trial. The OCCA rejected this claim on direct appeal, concluding that "because this Court does not find any error among any of Veasman's individual claims, there is no 'cumulative error' for this Court to evaluate." (Dkt. # 9, Ex. A).

The Tenth Circuit Court of Appeals has repeatedly held that cumulative error analysis is applicable only where there are two or more actual errors. <u>Workman v. Mullin</u>, 342 F.3d 1100, 1116 (10th Cir. 2003). Cumulative impact of non-errors is not part of the analysis. <u>Le v. Mullin</u>, 311 F.3d 1002, 1023 (10th Cir. 2002) (citing <u>United States v. Rivera</u>, 900 F.2d 1462, 1471 (10th Cir. 1990)). Having rejected each of Petitioner's claims, the Court finds no basis for a cumulative error analysis. Petitioner is not entitled to relief on this ground.

### CONCLUSION

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States.  His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.  The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

2.  Petitioner's "motion to expand the record with newly discovered evidence" (Dkt. # 16) is **denied**.

3.  A separate Judgment shall be entered in this case.

DATED THIS 15th day of February, 2008.

TERENCE KERN
UNITED STATES DISTRICT JUDGE

17